Connolly, Thomas E., J.
This case comes on before the Court on the Defendant’s Motion for Reconsideration on the Defendant’s original motion to transfer venue from Suffolk Superior Court to Plymouth Superior court at Brockton.
While the issue of venue was a very important matter in the “horse and buggy days,” it has lost a lot of its importance since the invention of the automobile. These days, it appears that a party resorts to a challenge to the plaintiffs choice of venue based on which county’s potential jury make-up may be most favorable to his client’s case.
The defendant brings this motion under Mass.RCiv.P. 60(b) and seeks the Court to reconsider the underlying interlocutory order, namely the denial of the defendant’s motion to transfer venue from Suffolk Superior Court. Mass.RCiv.P. 60(b) may not be used in this way. “Interlocutory judgments thus do not fall within Rule 60(b).” Reporters’ Notes, 1973 to Rule 60, fifth paragraph.
Further, the Court has reviewed the parties’ Joint Pre-Trial Memorandum, dated February 8, 2012, attached to defendant’s motion and marked “Exhibit I.” The defendant moving party here lists three medical experts which her counsel intends to call, namely,
(1) David H. Cahan, M.D., Faulkner Hospital, Jamaica Plain, MA 02130
(2) Eric Lichter, M.D., 1180 Beacon Street, Suite 6D, Brookline, MA 02446
(3) Erica Frank, M.D., Beth Israel Deaconess Medical Center, Needham, MA 02492
The defendant’s experts come from the immediate Boston area which would make it far more convenient for them to testify in Suffolk Superior Court at Boston than in Brockton.
Finally, Ch. 223, §15 deals with erroneous venue. Assuming arguendo that this case was brought in the wrong venue, Ch. 223, §15 does not make the transfer to another venue mandatory. The statute reads, “If an error in venue is discovered at any stage ... the Court may . . . order the action ... be removed ...” The language is clearly permissive and discretionary and not mandatory. The Court in Bolton v. Krantz, 54 Mass.App.Ct. 193, 197 (2002), indicated that, “We recognize that venue statutes are primarily concerned with choosing a forum convenient to both litigants and witnesses, often with the purpose of protecting the defendant from the plaintiffs choice of an unfair or inconvenient forum.” Here, given the defendant’s expert witnesses’ locations, this Court cannot imagine any more convenient location for the defendant than Suffolk Superior Court.
In light of all the above, in light of the fact that all the defendant’s medical experts are from the Boston area, and in light of the fact that the defendant herself lives in Norfolk County, this Court does not see any extra burden or inconvenience to the defendant to have this case tiled in Boston as opposed to Brockton.[1]
ORDER
After review of all submissions, the Defendant, Karis Cummings, M.D.’s Motion for Reconsideration is DENIED as both a matter of law and a matter of discretion.

Both counsel have their law offices located in Downtown Boston within easy walking distance to the Suffolk County Courthouse.